UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04797-AB-AGRx | Date: | September 14, 2021 |
|---|---|---|---|

Title: *Jeffrey Toland v. Zachary McFarland et al.*

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**GRANTING**</u> MOTION TO DISMISS COUNTS 5, 6, AND 7 OF THE COMPLAINT [Dkt. No. 26]

    Before the Court is City of Pasadena ("City") and John Nam's ("Mr. Nam") Motion to Dismiss ("Motion," Dkt. No. 26). Plaintiff Jeffrey Toland ("Plaintiff") filed an opposition and Defendants filed a reply. The Court heard oral argument on September 3, 2021. The Motion is **GRANTED**.

**I.    PLAINTIFF'S COMPLAINT**

    Plaintiff alleges that Pasadena police officers Zachary McFarland and Stephanie Lack used excessive force against him during an unjustified traffic stop, and fabricated evidence afterwards. Plaintiff was charged with assault, but the charges were later dropped. These allegations are the basis of counts 1-4, which assert claims under 42 U.S.C. § 1983 against McFarland and Lack for violating Plaintiff's constitutional rights. These counts are not challenged in this Motion.

    Plaintiff also asserts claims against the Pasadena City Attorney's Office and Deputy City Attorney John Nam for suppressing (count 5) and conspiring to

suppress (count 6) evidence / *Brady* violations under §1983, and injunctive relief to prevent similar conduct in the future (count 7). The City and Mr. Nam move to dismiss these claims. The Complaint alleges two factual bases for the suppression claims:

1. <u>The Tolled-Investigation Claim:</u> Deputy City Attorney John Nam told the Pasadena Police "to hold back on both investigations and reports [of the Toland encounter] until Mr. Toland's time to sue had run out, two years later." Compl. ¶ 35.

2. <u>The Prior Use of Force Claim:</u> "The City Attorney's Office instructed the Police Department not to tell the Deputy District Attorney assigned to the Toland case that Officer McFarland had been the shooter in the Warren case [a use-of-force incident that occurred about 4 weeks before the Toland incident], despite the fact that it was obvious *Brady* evidence, and despite the fact that Toland's express defense at his preliminary hearing was that Officer McFarland had used excessive force without justification." *Id.* ¶ 29.

It appears that a whistleblower from Pasadena PD disclosed these facts to the Superior Court in the criminal case against Plaintiff in November 2020. *See* Compl. ¶¶ 151-152, 163, 186. After these materials were disclosed, the City Attorney's Office tried to get them back saying there were inadvertently produced, but the Court (Superior Court Judge Terri Schwartz) disagreed and had some choice words for the City and DA. Shortly thereafter, in April 2021, the DA's Office dismissed the charges against Plaintiff, saying these materials made it impossible to pursue the charges. Compl. ¶¶ 187-200.

Defendants move to dismiss Plaintiff's *Brady* claims on many bases: that these are not *Brady* materials, that tolling of the administrative investigation was permitted under state law, that Mr. Nam as a civil City Attorney cannot be liable for these allegations, and that Mr. Nam has qualified immunity. Plaintiff opposes.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

  To defeat a Rule 12(b)(6) motion to dismiss, the complaint must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

  A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

  A court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside of the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

  In federal court, "[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires a plaintiff averring fraud to plead the 'who, what, when, where, and how' of the alleged misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## III.   DISCUSSION

Plaintiff asserts that Mr. Nam's recommendation to toll the administrative investigation into the use of force against Plaintiff and that the Pasadena PD's late disclosure of McFarland's prior use of force both violated *Brady*. The Court therefore begins with *Brady*.

### I.   *Brady*'s Disclosure Requirements

*Brady v. Maryland*, 373 U.S. 83, 87 (1963) held that prosecutors are constitutionally obligated under the Fourteenth Amendment to disclose "evidence favorable to an accused ... [that] is material either to guilt or to punishment."

The Supreme Court has identified "three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

Under *Brady*, "[t]he test for materiality is whether the requested evidence might affect the outcome of the trial." *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004). This is a "broad obligation." *Strickler*, 527 U.S. at 281 (1999). While the prosecutor is "not required to deliver his entire file to defense counsel," they are required to turn over evidence that is both favorable to the defendant and material to the case. *United States v. Bagley*, 473 U.S. 667, 675 (1985). *Brady* requires the prosecutor to disclose not just exculpatory evidence, but other favorable evidence, including evidence that impeaches a prosecution witness. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).

*Brady* does not, however, require the prosecutor to create evidence that does not already exist, *see United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir. 1980) (*Brady* "does not require the government to create exculpatory material that does not exist"), nor does the prosecutor violate *Brady* when they "fail to use a particular investigatory tool." *Arizona v. Youngblood*, 488 U.S. 51, 59 (1988).

### II.   The Claims Based on the Tolled Investigation Are **DISMISSED**.

Plaintiff asserts that Mr. Nam's recommendation to toll the administrative investigation into the use of force against Plaintiff was a *Brady* violation. This claim fails.

First, that Pasadena PD's investigation into the Toland use-of-force was allegedly "tolled" does not appear to implicate *Brady*. Plaintiff argues that the results of that investigation would have been favorable to him and material to the criminal charges against him that arose out of the incident. But as noted, the investigation was not undertaken then, and *Brady* did not require it to have been. Thus, Plaintiff's *Brady* claim is tantamount to demanding that the police create the desired evidence (conduct the investigation, resulting in a report) because it did not exist. This is not required by *Brady*. Plaintiff relies on cases wherein officers who withheld information (by refusing to write it down) were found to have violated *Brady*, but in those cases, the information already existed. Plaintiff's claim here is not that the Defendants withheld existing information; rather, the gravamen of Plaintiff's claim is that the department should have created the information—i.e., conducted the administrative investigation and produced the result—and this is beyond what *Brady* requires.

Furthermore, California Gov. Code § 3304(d)(2)(G) *required* the police department to toll the administrative investigation pending the criminal case against Plaintiff. That section reads, "If the investigation involves a matter in criminal litigation where the complainant is a criminal defendant, the one year time period *shall be tolled* during the period of that defendant's criminal investigation and prosecution." Cal. Gov. Code § 3304(d)(2)(G) (emphasis added). Plaintiff argues, however, that Mr. Nam advised the department to toll the investigation based not on this section but expressly in order to run out the clock on the two-year statute of limitations for Plaintiff to file a civil suit. But California law required the administrative investigation to be tolled, *Brady* did not require it to be undertaken, and Mr. Nam's subjective motivation does not transform this situation into a constitutional claim. *See, e.g., Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) ("Our cases have repeatedly rejected this approach [of considering an officer's subjective motivation]. An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed objectively, justify [the] action,' " and citing cases). Plaintiff's position is therefore contrary to well-established law.

Plaintiff's claims based on the tolled investigation are therefore dismissed. Because Plaintiff's legal theory is not cognizable, and because nothing presented at oral argument suggested these claims could be salvaged by amendment, the Court finds that amendment would be futile and will not grant leave to amend these claims.

### III. The Claims Based on the Prior Use of Force are <u>**DISMISSED**</u> with Leave to Amend.

Defendants argue that McFarland's prior use of force was not *Brady* material because it was not a "founded" or "sustained" allegation of misconduct. As such, it did not have to be disclosed so there was no *Brady* violation.

Defendants draw their argument that only "founded" or "sustained" allegations of misconduct are *Brady* material from *Association for Los Angeles Deputy Sheriffs v. Superior Court of Los Angeles County*, 8 Cal.5th 28 (2019) ("*ALADS*"). But *ALADS* does not so hold. In *ALADS*, the California Supreme Court simply explained that the Los Angeles County Sheriff's Department considers founded or sustained allegations of misconduct to be *Brady* material, but the Court did not adopt that view itself. Thus, *ALADS* does not support Defendants' argument that only founded or sustained allegations of misconduct can be *Brady* material. At oral argument, Defendants acknowledged a paucity of caselaw on this question. The Court thus denies the motion insofar as it calls for the Court to decide as a matter of law that McFarland's prior use of force was not *Brady* material.

However, it became apparent at oral argument that the claims based on the prior use of force are inadequately pled for other reasons.

First, it is not clear against whom this claim is asserted. At oral argument, the Court inquired whether it was pled only against the City Attorney's Office, or also against Mr. Nam, because the Complaint was unclear. Plaintiff's counsel did not respond directly, but indicated he did not know whether Mr. Nam or other deputy city attorneys were involved. This should certainly be cleared up by amendment.

Second, the Complaint fails to mention whether Plaintiff made a *Pitchess* motion that might have yielded information about McFarland's prior use of force. "This [*Pitchess* motion] statutory scheme provides that peace officer personnel records are confidential and may be discovered only pursuant to the procedures set forth in the Evidence Code." *People v. Gutierrez*, 112 Cal. App. 4th 1463, 1472 (2003). Because the Complaint fails to mention that a *Pitchess* motion was made or that there was misconduct relative to such a motion, Defendants moved to dismiss on that ground. Plaintiff's opposition did not respond to this point. Only at oral argument and in response to the Court's inquiry did Plaintiff state that a *Pitchess* motion was made during the criminal proceeding. The timing of that motion was

not clear. Such allegations are clearly significant to Plaintiff's claims and certainly should have been included in the Complaint, or at a minimum, mentioned in the opposition. Certainly, Plaintiff should have added *Pitchess*-related allegations by filing an amended Complaint, as was his right. *See* Fed. R. Civ. P. 15(a)(1)(B). The Court sees no reason to further address the substance of the motion where such important allegations were omitted from the Complaint.

The Court will therefore grant the Motion as to the prior-use-of-force *Brady* claims, but with leave to amend.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Counts 5, 6, and 7.

The Complaint may be amended but ***only*** as to the claims based on the disclosure of McFarland's prior use of force.

Should Plaintiff file an amended Complaint, the Court reminds Counsel that they must comply with Fed. R. Civ. P. 8, which requires a "short and plain statement…" The original Complaint reads like a closing argument, and is filled with extraneous allegations, argument, and rhetoric that only obscure the operative factual allegations. Responding to such a Complaint is unnecessarily onerous for Defendants, and determining its adequacy is unnecessarily onerous for the Court. Should a similarly excessive First Amended Complaint be filed, the Court may strike it for failure to comply with Rule 8.

As it may take some time to revise the Complaint to comply with Rule 8 (and not simply add allegations), Plaintiff may have **21 days** from the issuance of this Order to file a First Amended Complaint. If a First Amended Complaint is not filed by that deadline, the dismissed claims will be deemed dismissed with prejudice.

**IT IS SO ORDERED**.