MICHELE BEAL BAGNERIS, City Attorney
State Bar No. 115423
Email: mbagneris@cityofpasadena.net
Danielle St. Clair, Deputy City Attorney
State Bar No. 280690
Email: dstclair@cityofpasadena.net
Office of the City Attorney
100 North Garfield Avenue, Room N210
Pasadena, CA 91109-1726
Telephone:  626.744.4141 Facsimile: 626.744.4190

Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Stephanie A. Quartararo (SBN 317976)
E-mail:  squartararo@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600      Fax:  213.236.2700

Attorneys for Defendants
ZACHARY MCFARLAND (in his individual and
official capacities), STEPHANIE LACK (in her
individual and official capacities), and CITY OF
PASADENA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TOLAND,<br><br>              Plaintiff,<br><br>v.<br><br>ZACHARY MCFARLAND, in his individual and official capacity; STEPHANIE LACK, in her individual and official capacity; CITY OF PASADENA; and DOES 1-10, inclusive,<br><br>              Defendant. | Case No. 2:21-cv-04797-AB-AGR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANT CITY OF PASADENA**<br><br>[*Request for Judicial Notice, Proposed Order, Declaration of Nathan A. Oyster filed concurrently herewith*]<br><br>Date:      November 19, 2021<br>Time:      10:00 a.m.<br>Ctrm.:     7B<br><br>District Judge Andre Birotte, Jr. |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 19, 2021, at 10:00 a.m., or as

soon thereafter as the matter may be heard, before the Honorable Andre Birotte, Jr. in Courtroom 7B of the above-entitled court, located at 350 West First Street, Los Angeles, CA 90012, Defendant City of Pasadena ("City"), will move the Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) for an Order dismissing the First Amended Complaint of Plaintiff Jeffrey Toland ("Plaintiff").

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel which took place on October 11, 2021. *See* Declaration of Nathan A. Oyster ("Oyster Decl.") at ¶ 4. Prior to the conference of counsel, Defendants' counsel sent correspondence to Plaintiff's counsel outlining the arguments in support of the City's position. *Id*. at ¶ 3. Counsel for the parties had a thorough discussion of the issues on October 11, 2021, but were unable to reach an agreement, which necessitated the filing of this Motion. *Id*. at ¶ 4.

The City's Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Nathan A. Oyster, Request for Judicial Notice and Exhibits thereto, and Plaintiff's First Amended Complaint with exhibits, together with such other oral and documentary evidence as may be submitted to the Court.

Dated: October_18, 2021                    BURKE, WILLIAMS & SORENSEN, LLP


                                           By:  /s/ *Nathan A. Oyster*
                                                Nathan A. Oyster
                                                Stephanie A. Quartararo

                                           Attorneys for Defendants
                                           ZACHARY MCFARLAND, STEPHANIE
                                           LACK, and CITY OF PASADENA

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1                      - 2 -                    2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................. 1

II.     SUMMARY OF RELEVANT ALLEGATIONS IN THE FIRST
        AMENDED COMPLAINT ..................................................................... 3

        A.      General Allegations Relating To The Fifth And Sixth Claims. ........... 3

        B.      Allegations Relating To The Penal Code § 1054.1 Request. ............... 4

        C.      Allegations Relating To The Public Records Act Request................... 4

        D.      Allegations Relating To The Discovery Motion. ................................. 5

        E.      Allegations Relating To The Pitchess Motion..................................... 5

III.    LEGAL STANDARD FOR A MOTION TO DISMISS UNDER
        RULE 12(B)(6)...................................................................................... 6

IV.     PLAINTIFF'S FIFTH AND SIXTH CLAIMS AGAINST THE CITY
        FAIL AS A MATTER OF LAW. ............................................................ 7

        A.      Even Assuming Arguendo That The City Had An Obligation To
                Disclose The Warren Incident, The City Complied With This
                Obligation On The Date Of The Warren Incident. ............................. 7

        B.      The City Did Not Have An Affirmative Duty To Disclose The
                Warren Reports Or The Warren Incident, Nor Did The Penal
                Code § 1054.1 Motion Establish Such A Duty.................................... 8

        C.      The City's Response To The Public Records Act Request Did
                Not Give Rise To A Constitutional Claim........................................... 9

                1.      An Erroneous Public Records Act Response Does Not
                        Give Rise To A Constitutional Claim. ..................................... 10

                2.      The Warren Reports Were Exempt From Disclosure
                        Pursuant To Penal Code § 832.7(b)(7)(A)(ii)........................... 11

                3.      Plaintiff's Constitutional Rights Could Not Have Been
                        Violated By The Public Records Act Response Because
                        The Request Was Made By Someone Else, Not By
                        Plaintiff. ............................................................................... 11

        D.      Even Assuming Arguendo That The City Had An Obligation To
                Disclose Either The Warren Incident Or The Warren Reports,
                The City Complied With This Obligation As Of November 2,
                2020....................................................................................................... 12

        E.      Even If Plaintiff Could Establish That The City's Disclosure Of
                The Warren Incident And The Warren Reports Was Delayed,
                Plaintiff Did Not Suffer Any Constitutional Harm............................. 14

V.      CONCLUSION. ........................................................................................ 15

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

- i -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Associated Gen. Contractors of Cal. v. Cal. State Council of
Carpenters*,
459 U.S. 519 (1983) ...................................................................... 6

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988) ........................................................ 6

*Bell Atl. Corp. v. Twombly*,
U.S., 127 S. Ct. 1955 (2007) ........................................................ 6

*Deirmenjian v. Deutsche Bank, A.G.*,
526 F. Supp. 2d 1068 (C.D. Cal. 2007) ........................................ 6

*Gantt v. Roe*,
389 F.3d 908 (9th Cir. 2004) ...................................................... 14

*Parks Sch. of Bus., Inc. v. Symington*,
51 F.3d 1480 (9th Cir. 1995) ........................................................ 6

*People v. Gutierrez*,
112 Cal.App.4th 1463 (2003) ....................................................... 9

*People v. Superior Ct. (Johnson)*,
61 Cal. 4th 696 (2015) ................................................................ 13

*San Lorenzo Valley Community Advocates for Responsible Education
v. San Lorenzo Valley Unified School Dist.*,
139 Cal.App.4th 1356 (2006) ..................................................... 12

*Strickler v. Greene*,
527 U.S. 263 (1999) ...................................................................... 7

*Taylor v. FDIC.*,
132 F.3d 753 (D.C. Cir. 1997) ..................................................... 6

*Tennison v. City and County of San Francisco*
(9th Cir. 2009) 570 F.3d 1078 .................................................... 14

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1

- ii -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

*U.S. v. Dupuy*,
   760 F.2d 1492 (9th Cir. 1985) ................................................................... 13

*United States v. Alvarez*,
   86 F.3d 901 (9th Cir.1996) ....................................................................... 15

*United States v. Anderson*,
   391 F.3d 970 (9th Cir.2004) ..................................................................... 14

*United States v. Davenport*,
   753 F.2d 1460 (9th Cir.1985) ................................................................... 14

*United States v. Gamez-Orduno*,
   235 F.3d 453 (9th Cir.2000) ..................................................................... 14

*United States v. Manning*,
   56 F.3d 1188 (9th Cir.1995) ..................................................................... 15

*United States v. Scarborough*,
   128 F.3d 1373 (10th Cir.1997) ................................................................. 14

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ...................................................................... 7

*Weber v. Dept. of Veterans Affairs*,
   512 F.3d 1178 (9th Cir. 2008) .................................................................... 6

**Federal Statutes**

42 U.S.C. § 1983 ............................................................................................. 1

**State Statutes**

California Government Code § 6258 .............................................................. 11

California Penal Code § 832.7 ............................................................... 10, 11

California Penal Code § 1054.1 ....................................................... 2, 3, 4, 8

Public Records Act ................................................................................ *passim*

**Rules and Regulations**

F.R.Civ.P. Rule 11(b)(3) ............................................................................... 8

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1

- iii -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F.R. Civ.P. Rule 12(b)(6) ............................................................................. 6

Local Rule 7-3 ............................................................................................... 2

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1

- iv -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This litigation arises from the June 22, 2019 arrest of Plaintiff Jeffrey Toland by Officer Zachary McFarland and Officer Stephanie Lack of the Pasadena Police Department.  Plaintiff was subsequently prosecuted by the Los Angeles District Attorney's Office.

In his initial Complaint, Plaintiff asserted a variety of Section 1983 claims against Officer McFarland, Officer Lack, the City of Pasadena, and Deputy City Attorney Nam.  In response to the initial Complaint, the City and Deputy City Attorney John Nam filed a Motion to Dismiss the Fifth, Sixth, and Seventh Claims for Relief.  Dkt. 26.  The Court granted the Motion in its entirety on September 14, 2021, while providing Plaintiff with leave to amend regarding the Warren officer-involved shooting allegations only.  Dkt. 30.

The First Amended Complaint contains a revamped series of allegations against Officer McFarland, Officer Lack, and the City of Pasadena.  Dkt. 31.  The two claims for relief that are being challenged via the Motion to Dismiss are the Fifth and Sixth Claims for Relief, which are the only two claims alleged against the City of Pasadena.  The Fifth Claim for Relief is brought pursuant to 42 U.S.C. § 1983, alleging that the City violated Plaintiff's Constitutional rights by deliberately suppressing exculpatory evidence.  The Sixth Claim for Relief is similar, alleging that the City violated 42 U.S.C. § 1983, via a conspiracy to suppress exculpatory evidence.

The Fifth and Sixth Claims for Relief are premised upon an argument that City of Pasadena violated Plaintiff's Constitutional rights by not disclosing Officer McFarland's involvement in the May 17, 2019 officer-involved shooting of Daniel Warren ("the Warren incident") and by not disclosing 234 pages of reports relating

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1                              - 1 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

to the Warren incident (hereinafter "the Warren reports").[1]

Although the First Amended Complaint does not contain a short and plain statement as to what alleged actions by the City imposed an obligation to disclose both the Warren reports and Officer McFarland's involvement in the Warren incident, the City has ascertained – through its review of the First Amended Complaint and through the Local Rule 7-3 process – that Plaintiff has four separate theories supporting the Fifth and Sixth Claims for Relief.

- Plaintiff claims that a discovery request, pursuant to California Penal Code § 1054.1, required the City to disclose both the Warren reports and Officer McFarland's involvement in the Warren incident.  FAC, ¶ 94.

- Plaintiff claims that the Public Records Act request of Caleb Mason required the City to disclose both the Warren reports and Officer McFarland's involvement in the Warren incident and that the City's response was erroneous.  FAC, ¶¶ 96-99.

- Plaintiff claims that the filing of a discovery motion on September 24, 2020 required the City to disclose both the Warren reports and Officer McFarland's involvement in the Warren incident.  FAC, ¶ 104.

- Finally, Plaintiff claims that the City did not comply with its discovery obligations in response to a *Pitchess* motion, which precluded Plaintiff from obtaining the Warren reports and learning of Officer McFarland's involvement in the Warren incident.  FAC, ¶¶ 102, 105.

As set forth fully below, the City's Motion to Dismiss the First Amended Complaint should be granted for multiple reasons.  First, to the extent that the City

---

[1] To the extent that there is any ambiguity as to whether Plaintiff has alleged that any other evidence was suppressed by the City, any such allegation should be stricken from the First Amended Complaint, as Plaintiff was provided leave to amend the First Amended Complaint as to the Warren incident only.  Dkt. 30 at 7 ("The Complaint may be amended but ***only*** as to the claims based on the disclosure of McFarland's prior use of force.") (Emphasis in original.).

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1          - 2 -          2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

ever had an obligation to disclose the Warren incident as *Brady* material, the City complied with that obligation on the date of the Warren incident via the presence of District Attorney personnel at the Warren incident, and Plaintiff has made no allegation to the contrary.  Second, the City did not have an affirmative obligation to disclose either the Warren incident or the Warren reports, nor did the Penal Code § 1054.1 request create such an obligation.  Third, the City's October 7, 2019 Public Records Act response to Caleb Mason did not violate Plaintiff's Constitutional rights.  Fourth, even if the City had an obligation under *Brady*, the City satisfied that obligation by disclosing the Warren reports to the trial court on November 2, 2020.  Finally, to the extent that the City had an obligation to disclose the Warren incident or the Warren reports, any delay in the disclosure did not give rise to a Constitutional violation where, as here, the case was concluded prior to a trial.

## II.   SUMMARY OF RELEVANT ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

The following allegations are relevant to the City's Motion to Dismiss the Fifth and Sixth Claims for Relief.

### A.   General Allegations Relating To The Fifth And Sixth Claims.

On May 17, 2019, Officer McFarland was a shooting officer in the officer-involved shooting of Daniel Warren.  First Amended Complaint ("FAC"), ¶¶ 19-20. Plaintiff was arrested by Pasadena Police Officers on June 21, 2019, following an incident in which Officer McFarland and Officer Lack used force against Plaintiff. FAC, ¶¶ 23-81.[2]

---

[2] In ruling on the initial Motion to Dismiss, the Court stated:
> "Should Plaintiff file an amended Complaint, the Court reminds Counsel that they must comply with Fed. R. Civ. P. 8, which requires a "short and plain statement…" The original Complaint reads like a closing argument, and is filled with extraneous allegations, argument, and rhetoric that only obscure the operative

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1     - 3 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

Although Plaintiff has alleged that the handling prosecutor in the *People v. Toland* matter was not aware of Officer McFarland's involvement in the Warren incident, Plaintiff has not alleged that the District Attorney's Office as a whole lacked knowledge of Officer McFarland's involvement in the Warren incident.  As set forth in Section IV(A), infra, this distinction is crucial, because standard-operating procedure called for the District Attorney's Office to respond to all officer-involved shootings in the County.

Plaintiff admits that the 234 pages of reports relating to the Warren incident were disclosed to the Court in the *People v. Toland* criminal matter on November 2, 2020.  FAC, ¶ 101.

**B.      Allegations Relating To The Penal Code § 1054.1 Request.**

On August 7, 2019, Plaintiff made a formal discovery request in the underlying criminal prosecution against him, pursuant to California Penal Code § 1054.1.  FAC, ¶ 94.

**C.      Allegations Relating To The Public Records Act Request.**

On September 23, 2019, Caleb Mason served a Public Records Act request (hereinafter "the PRA request") to the City of Pasadena, seeking records relating to Officer McFarland and Officer Lack.  FAC, ¶¶ 96-97; Request for Judicial Notice ("RFJN"), Ex. B.  The PRA request sought records relating to officer-involved

---

factual allegations. Responding to such a Complaint is unnecessarily onerous for Defendants, and **determining its adequacy is unnecessarily onerous for the Court**.  Should a similarly excessive First Amended Complaint be filed, the Court may strike it for failure to comply with Rule 8."

Dkt. 30 at 7 (Emphasis added).  The First Amended Complaint remains onerous, and the Court has the discretion to strike the First Amended Complaint for failure to comply with Rule 8.  For example, 59 paragraphs are devoted to a discussion of the arrest of Plaintiff and the use of force by the officers – a topic that should have taken no more than 10-20 paragraphs.  FAC, ¶¶ 23-81.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1            - 4 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

shootings and the use of force causing death or great bodily injury for either of the two officers.  FAC, ¶¶ 96-97.  Although the First Amended Complaint refers to the PRA request as coming from "the defense" (see FAC, ¶¶ 96-97), the PRA request was made by Mr. Mason without any reference to the *People v. Toland* criminal matter.  RFJN, Ex. B.

Plaintiff alleges that, on October 7, 2019, the City provided an erroneous response to the Public Records Act request (hereinafter "the PRA response").  FAC, ¶¶ 98-99; RFJN, Ex. C.  Plaintiff contends that the City had 234 pages of reports relating to the Warren officer-involved shooting in its possession that should have been disclosed as part of the PRA response.  FAC, ¶ 99.

### D.    Allegations Relating To The Discovery Motion.

Plaintiff filed a discovery motion on September 24, 2020.  FAC, ¶ 102.  On October 8, 2020, the Court granted the discovery motion and ordered production to occur by November 2, 2020.  FAC, ¶ 103.  A series of hearings by the criminal matter regarding the disclosure of materials that were produced by the City, including whether any of those materials were the result of an inadvertent disclosure.  FAC, ¶ 104.  Plaintiff alleged that the Warren reports were produced to the Court on November 2, 2020, which is compliant with the Court's disclosure order.  FAC, ¶ 101.

### E.    Allegations Relating To The Pitchess Motion.

Plaintiff filed a *Pitchess* motion on November 12, 2020.  FAC, ¶ 102.  On November 30, 2020, the Court granted the Pitchess motion and "ordered the City to produce Officer McFarland's file for the Court to review in camera, specifically including all records of any investigation of Officer McFarland, whether pending or completed."  FAC, ¶ 105.

While Plaintiff does allege that the City withheld the Warren reports from the criminal court, the District Attorney's Office, and the criminal defense at the time of the November 30, 2020 ruling (*see* FAC, ¶ 106), the Court can disregard this

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1                - 5 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

allegation for the simple reason that the allegation is directly contradicted by Plaintiff's own admission that the City produced the Warren reports to the Court four weeks earlier on November 2, 2020 (*see* FAC, ¶ 102).

## III. LEGAL STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(B)(6)

Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), a motion to dismiss is appropriate where the plaintiff fails "to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint and dismissal of the plaintiff's claim(s) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Deirmenjian v. Deutsche Bank, A.G.*, 526 F. Supp. 2d 1068, 1073 (C.D. Cal. 2007).

The complaint must be construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The Court need not accept as true conclusory allegations, legal characterizations, or unreasonable inferences. *Taylor v. FDIC.*, 132 F.3d 753, 762 (D.C. Cir. 1997). Nor need the Court assume that the plaintiff can prove facts different from those alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, U.S., 127 S. Ct. 1955, 1964, 1970 (2007); see also *Weber v. Dept. of Veterans Affairs,* 512 F.3d 1178, 1181 (9th Cir. 2008).  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1          - 6 -          2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

citations omitted).  Courts need not accept as true legal argument cast in the form of factual allegations.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## IV.   PLAINTIFF'S FIFTH AND SIXTH CLAIMS AGAINST THE CITY FAIL AS A MATTER OF LAW.

Plaintiff's Fifth and Sixth Claims for Relief should be dismissed for multiple reasons as set forth below, which generally track the chronological order of events. To prevail, Plaintiff must establish that his Constitutional rights were violated because the City did not affirmatively disclose Officer McFarland's involvement in the Warren incident.  *Strickler v. Greene*, 527 U.S. 263, 265 (1999) (there are three essential components of a true *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued).  As discussed in detail below, Plaintiff's claims fail at this initial step, because there is no *Brady* requirement to disclose an officer's mere participation in an officer-involved shooting absent a finding of misconduct.

### A.   Even Assuming Arguendo That The City Had An Obligation To Disclose The Warren Incident, The City Complied With This Obligation On The Date Of The Warren Incident.

Assuming for the sake of argument that Officer McFarland's participation in the Warren incident created an affirmative obligation under *Brady* to disclose this information to the District Attorney's Office for use in any future case in which Officer McFarland was an actual or potential witness, then the City of Pasadena complied with this obligation pursuant to the standard practices of the Los Angeles District Attorney's Office, and Plaintiff's First Amended Complaint has not made any allegation to the contrary.

Specifically, Plaintiff alleged that the Los Angeles Sheriff's Department investigated the officer-involved shooting.  FAC, ¶ 21 ("The Sheriff's Department

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1                - 7 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

interviewed Officer McFarland.").  Pursuant to the policies of the Los Angeles District Attorney's Office, the District Attorney's Office responds to the scene of every officer-involved shooting in Los Angeles County, including those officer-involved shootings investigated by the Los Angeles Sheriff's Department.  RFJN, Ex D.

Plaintiff's First Amended Complaint does not contain any allegation that the Los Angeles District Attorney's Office failed to respond to the scene of the Warren incident nor does the First Amended Complaint contain any allegation that the Los Angeles District Attorney's Office lacked information that Officer McFarland was a shooting officer in the Warren incident.  Instead, Plaintiff has alleged that the **handling prosecutor** in the *People v. Toland* matter did not have information about the Warren incident.  FAC, ¶ 86 ("…make sure that prosecution, the Court, and the defense in the Toland case never found out about it."), ¶ 87 ("…not to tell the Deputy District Attorney assigned to the Toland case…"), ¶ 108 ("withheld… from the prosecutor").  This is a different allegation than claiming that no one in the District Attorney's Office had knowledge of the Warren incident.  With good reason, Plaintiff has not and cannot make such an allegation.  *See* F.R.Civ.P. Rule 11(b)(3).  Absent an allegation that the entire District Attorney's Office lacked knowledge of the Warren incident, Plaintiff has not asserted that the City of Pasadena failed to comply with any *Brady* obligation that may have existed.

**B.     The City Did Not Have An Affirmative Duty To Disclose The Warren Reports Or The Warren Incident, Nor Did The Penal Code § 1054.1 Motion Establish Such A Duty.**

Plaintiff's First Amended Complaint asserts that the City had an affirmative duty to disclose both the Warren reports and Officer McFarland's involvement in the Warren incident.  The City disputes Plaintiff's contention that the City had such an affirmative obligation or that a Penal Code § 1054.1 motion created such an obligation.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1                                    - 8 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

In *People v. Gutierrez*, 112 Cal.App.4th 1463, 1474 (2003), the California Court of Appeal upheld the Constitutionality of the *Pitchess* statutory scheme, explaining that the scope of discovery availability to a criminal defendant under *Pitchess* was broader than what a prosecutor is required to disclose under *Brady*. Specifically, the Court of Appeal explained, "Thus, if a defendant meets the good cause requirement for Pitchess discovery, any Brady material in an officer's file will necessarily be included. Stated conversely, if a defendant cannot meet the less stringent Pitchess materiality standard, he or she cannot meet the more taxing Brady materiality requirement." *Id.*

Applying the *Gutierrez* holding to this action, even if this Court were to rule that the participation in the Warren incident itself is *Brady* material, the disclosure of any such material could be obtained via a *Pitchess* motion. As discussed at length in Section IV(D), infra, the City disclosed the Warren reports and the Warren incident to the trial court on November 2, 2020, which was 10 days before Plaintiff filed a *Pitchess* motion. Based on this sequence of events, the City did not develop any *Brady* obligation to disclose the Warren incident or the Warren reports until at least the filing of the *Pitchess* motion; by that time, the Warren reports had already been disclosed to the trial court.

## C.     The City's Response To The Public Records Act Request Did Not Give Rise To A Constitutional Claim.

Plaintiff alleges that on September 23, 2019, Plaintiff's counsel served a Public Records Act ("PRA") request to the Pasadena Police Department requesting, among other things, records relating to any incident involving the use of force against a person by Officer McFarland which resulted in death or great bodily injury. FAC, ¶¶ 96-97. In response, the Pasadena Police Department informed Plaintiff's counsel that it had no responsive records. FAC, ¶ 98. Plaintiff claims that this response was false, asserting that the Pasadena Police department was in possession of 234 pages of reports and interviews relating to the Warren incident at

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1                     - 9 -                     2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

the time of the request.  Plaintiff alleges that the Pasadena Police Department's failure to provide him with the 234 pages of records relating to the Warren incident at the time of the request violated Plaintiff's constitutional rights pursuant to *Brady* because it prevented him from obtaining critical exculpatory evidence. FAC, ¶100.

As explained below, Plaintiff's argument that the City's October 11, 2019 PRA response violated Plaintiff's Constitutional rights fails for multiple reasons. First, an erroneous or even false Public Records Act response does not give rise to a Constitutional claim; second, any reports relating to the Officer McFarland's involvement in the Warren OIS were exempt from disclosure pursuant to Penal Code § 832.7(b)(7)(A)(ii); and third, Plaintiff's Constitutional rights could not have been violated by the PRA response, because the PRA request was made by Caleb Mason, not by Plaintiff.

### 1.  An Erroneous Public Records Act Response Does Not Give Rise To A Constitutional Claim.

California Penal Code § 832.7(b)(1), which was amended in 2019, makes reports, investigations, and findings relating to officer-involved shootings and the use of force resulting in death or great bodily injury available to the public via the Public Records Act, subject to certain exceptions.  Penal Code § 832.7, however, is explicit in that it does not in any way affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to *Pitchess* (see California Penal Code § 832.7(g)) and it does not supersede or affect the criminal discovery process (see California Penal Code § 832.7(h)). As such, even assuming that the City's response was erroneous, the response did not alter or affect the criminal discovery process or the disclosure obligations of those involved in the criminal process. Therefore, the City's response could not have violated Plaintiff's rights under *Brady*.  The remedy for an inaccurate Public Records Act response, or when a local agency denies access to copies of public records, is a civil action for injunctive or declaratory relief, or writ of mandate, to enforce their right to inspect

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1

- 10 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1   or receive a copy of any public record or class of public records under the Public

2   Records Act.  *See* California Government Code § 6258.

3           **2.**      **The Warren Reports Were Exempt From Disclosure**

4                            **Pursuant To Penal Code § 832.7(b)(7)(A)(ii).**

5         Next, to the extent Plaintiff claims his rights were violated by the City's

6   failure to produce the Warren reports as part of the PRA response, Plaintiff's

7   argument fails because the reports were exempt from disclosure pursuant to

8   California Penal Code § 832.7(b)(7)(A)(ii).  California Penal Code § 832.7(b)(7)

9   allows for an agency to withhold use of force records resulting in bodily injury that

10   is the subject of an active or criminal investigation.  California Penal Code §

11   832.7(b)(7)(A)(ii) allows for the agency to continue to delay disclosure of records if

12   the disclosure could reasonably be expected to interfere with a criminal

13   enforcement proceeding against an officer who used the force. At the time of Caleb

14   Mason's PRA request, an ongoing criminal investigation into the Warren incident

15   was occurring.  Accordingly, even if the City had identified the Warren incident in

16   its PRA response, Plaintiff would not have been entitled to the reports relating to

17   the Warren incident at the time of his request. Because Plaintiff was not entitled to

18   records relating to the Warren incident via the Public Records Act, the City's

19   response could not have violated Plaintiff's Constitutional rights.

20           **3.**      **Plaintiff's Constitutional Rights Could Not Have Been**

21                            **Violated By The Public Records Act Response Because The**

22                            **Request Was Made By Someone Else, Not By Plaintiff.**

23         The September 23, 2019 Public Records Act request to the City was made by

24   Caleb Mason, not by Plaintiff Jeffrey Toland.  Plaintiff Toland now claims that **his**

25   Constitutional rights were violated by the Pasadena Police Department's response

26   to **Mr. Mason's request**.  Plaintiff could not have a viable claim of any kind

27   relating to the PRA request, because he lacks standing.  The PRA request was made

28   by Mr. Mason in his personal capacity, and any state court action that could have

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1

- 11 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1   been filed with respect to the City's response would have been filed by Mr. Mason,

2   not by Plaintiff.

3       Just as Plaintiff would be unable to pursue an action to enforce Mr. Mason's

4   rights under the Public Records Act for the City's alleged improper PRA response

5   to Mr. Mason, Plaintiff cannot claim that his constitutional rights were violated

6   here. See *San Lorenzo Valley Community Advocates for Responsible Education v.*

7   *San Lorenzo Valley Unified School Dist.*, 139 Cal.App.4th 1356, 1415 (2006)

8   (holding that the CPRA provision authorizing plaintiff to enforce his or her right to

9   inspect or to receive a copy of any public record contemplates a declaratory relief

10   proceeding commenced **only by the individual or entity seeking disclosure of**

11   **public records**.)

12       **D.    Even Assuming Arguendo That The City Had An Obligation To**

13             **Disclose Either The Warren Incident Or The Warren Reports,**

14             **The City Complied With This Obligation As Of November 2, 2020.**

15       Plaintiff has alleged the filing of a discovery motion and a separate *Pitchess*

16   motion imposed a *Brady* obligation on the City that the somehow violated, but the

17   November 2, 2020 disclosure of the Warren reports to the Court satisfied any *Brady*

18   obligations that the City may have had at that time.

19       Plaintiff filed a discovery motion on September 24, 2020.  FAC, ¶ 102.  On

20   October 8, 2020, the Court granted the discovery motion and ordered production to

21   occur by November 2, 2020.  FAC, ¶ 103.  A series of hearings by the criminal

22   matter regarding the disclosure of materials that were produced by the City,

23   including whether any of those materials were the result of an inadvertent

24   disclosure.  FAC, ¶ 104.  Plaintiff alleged that the Warren reports were produced to

25   the Court on November 2, 2020, which was compliant with the Court's disclosure

26   order.  FAC, ¶ 101.

27       By producing the Warren reports to the Court on November 2, 2020, the City

28   complied with any *Brady* obligation that may have existed.  While much of the case

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4834-7487-0271 v1    - 12 -    2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

law addressing *Brady* obligations focuses on a prosecutor's obligation, the same principles apply to a law enforcement agency.  In discussing police officer personnel records, the California Supreme Court has explained, "If the prosecution informs the defense of what it knows regarding information in confidential personnel records, and the defense can seek that information itself, no evidence has been suppressed."  *People v. Superior Ct. (Johnson)*, 61 Cal. 4th 696, 715 (2015).

Based on Ninth Circuit precedent, the disclosure of the Warren reports to the trial court – regardless of what the trial court chose to do with the Warren reports – satisfied any *Brady* obligations that the City may have had.  In *U.S. v. Dupuy*, 760 F.2d 1492 (9th Cir. 1985), the prosecutor determined that certain notes that she had promised would remain confidential contained potential *Brady* material.  The prosecutor did not disclose the information directly to the defendant; instead she "took her dilemma to the trial judge" and discussed the situation with him.  *Id*. at 1501.  While the Ninth Circuit ultimately disagreed with the trial court's decision, the Ninth Circuit found that the prosecutor had satisfied her *Brady* obligations.  Specifically, "[b]y submitting the issue to the judge, the prosecutor satisfied her duty to disclose exculpatory material." *Id*.  "Since suppression by the Government is a necessary element of a *Brady* claim, [citation], if the means of obtaining the exculpatory evidence has been provided to the defense, the *Brady* claim fails." *Id*. at 1501, n. 5.  Applying the logic of *U.S. v. Dupuy* to the underlying criminal proceeding, the City complied with any obligation to disclose the Warren incident or the Warren reports as of November 2, 2020 when the Warren reports were provided to the trial court.

Therefore, because the entire procedural history of the Plaintiff's *Pitchess* motion in the criminal matter occurred **after** November 2, 2020, the City's response to the *Pitchess* motion could not have caused a *Brady* violation.  Plaintiff acknowledges that the *Pitchess* motion was filed on November 12, 2020.  FAC, ¶ 102.  The *Pitchess* motion was granted on November 30, 2020.  FAC, ¶ 105. While

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1                    - 13 -                    2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1   Plaintiff does allege that the City withheld the Warren reports from the criminal
2   court, the District Attorney's Office, and the criminal defense at the time of the
3   November 30, 2020 ruling (*see* FAC, ¶ 106), the Court can disregard this allegation
4   for the simple reason that the allegation is directly contradicted by Plaintiff's own
5   admission that the City produced the Warren reports to the Court four weeks earlier
6   on November 2, 2020 (*see* FAC, ¶ 102).

7      **E.    Even If Plaintiff Could Establish That The City's Disclosure Of**
8            **The Warren Incident And The Warren Reports Was Delayed,**
9            **Plaintiff Did Not Suffer Any Constitutional Harm.**

10         Even if the City's November 2, 2020 disclosure of the Warren reports and the
11   Warren incident was delayed, Plaintiff did not suffer any Constitutional harm.  In
12   general, disclosure of *Brady* material must be made at a time when it would be of
13   value to the accused. *Gantt v. Roe*, 389 F.3d 908, 912 (9th Cir. 2004). Thus, the
14   *Brady* sanction can be avoided even in cases of delayed disclosure so long as the
15   disclosure of evidence occurs at a time when disclosure would have been of value
16   to the accused. *Tennison v. City and County of San Francisco* (9th Cir. 2009) 570
17   F.3d 1078 (A *Brady* violation may be cured by belated disclosure of evidence, so
18   long as the disclosure occurs at a time when disclosure would be of value to the
19   accused); *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir.1985) (To
20   escape the *Brady* sanction, disclosure 'must be made at a time when disclosure
21   would be of value to the accused). "As long as ultimate disclosure is made before it
22   is too late for the defendant to make use of any benefits of the evidence, Due
23   Process is satisfied." *United States v. Scarborough*, 128 F.3d 1373, 1376 (10th
24   Cir.1997) (quoting *United States v. Warhop*, 732 F.2d 775, 777 (10th Cir.1984));
25   see also *United States v. Anderson*, 391 F.3d 970, 975 (9th Cir.2004) (no *Brady*
26   violation by government's delay in identifying two witnesses; defense secured the
27   appearance of witnesses and had opportunity to recall other witnesses who could
28   have been impeached); *United States v. Gamez-Orduno*, 235 F.3d 453, 461-62 (9th

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1                 - 14 -

2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1  Cir.2000) (delayed disclosure cured by granting defense a continuance to prepare);

2  *United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir.1996) (no prejudice to defendant

3  from government's untimely production of officer's rough notes reflecting

4  discrepancies with his testimony; defense eventually received the rough notes and

5  was able to fully cross-examine the officer about discrepancies in his report);

6  *United States v. Manning*, 56 F.3d 1188, 1199 (9th Cir.1995) (no prejudice

7  resulting from government's production of letter to defense after trial commenced).

8       As Plaintiff concedes, the Warren report and information regarding the

9  Warren incident were produced to the trial court and ultimately produced to him

10  before there could be a trial in the *People v. Toland* matter.   Thus, Plaintiff cannot

11  establish a *Brady* violation as to the timing of the disclosure. See *Alvarez* at 905

12  (finding no *Brady* error despite prosecutor's delay in producing *Brady* material

13  because material was ultimately turned over in time for defendant to use at trial).

14  **V.**   **CONCLUSION.**

15       For the foregoing reasons, the Fifth and Sixth Claims for Relief, which are

16  the only claims against Defendant City of Pasadena, should be dismissed.  The City

17  respectfully request that the Court grant the Motion without leave to amend.

18
19  Dated:  October 18, 2021         BURKE, WILLIAMS & SORENSEN, LLP

20

21                By:  */s/ Nathan A. Oyster*

22                   Nathan A. Oyster
                 Stephanie A. Quartararo

23                 Attorneys for Defendants
               ZACHARY MCFARLAND, STEPHANIE

24                 LACK, and CITY OF PASADENA

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-7487-0271 v1       - 15 -       2:21-CV-04797-AB-AGR
CITY'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT