MICHELE BEAL BAGNERIS, City Attorney
State Bar No. 115423
Email: mbagneris@cityofpasadena.net
Danielle St. Clair, Deputy City Attorney
State Bar No. 280690
Email: dstclair@cityofpasadena.net
Office of the City Attorney
100 North Garfield Avenue, Room N210
Pasadena, CA 91109-1726
Telephone: 626.744.4141  Facsimile: 626.744.4190

Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Stephanie A. Quartararo (SBN 317976)
E-mail: squartararo@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
ZACHARY MCFARLAND (in his individual and official capacities), STEPHANIE LACK (in her individual and official capacities), and CITY OF PASADENA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TOLAND,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY MCFARLAND, in his individual and official capacity; STEPHANIE LACK, in her individual and official capacity; CITY OF PASADENA; and DOES 1-10, inclusive,<br><br>    Defendant. | Case No. 2:21-cv-04797-AB-AGR<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANT CITY OF PASADENA PURSUANT TO F.R.C.P. RULE 12(b)(6)**<br><br>[*Motion to Dismiss, Proposed Order. Declaration of Nathan A. Oyster filed concurrently herewith*]<br><br>Date:  November 19, 2021<br>Time:  10:00 a.m.<br>Ctrm.:  7B<br><br>District Judge Andre Birotte, Jr. |

TO THIS HONORABLE COURT, AND TO ALL PARTIES HEREIN:

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-4871-5775 v1

- 1 -

2:21-CV-04797-AB-AGR
REQUEST FOR JUDICIAL NOTICE ISO
CITY'S MOTION TO DISMISS FAC

Defendant CITY OF PASADENA (hereinafter "Defendant" or "the City") hereby request that the Court take judicial notice of the attached exhibit pursuant to Federal Rules of Evidence 201in support of their Motion to Dismiss Plaintiff's First Amended Complaint. Matters that are properly the subject of judicial notice under Federal Rules of Evidence, Rule 201, may be considered along with the complaint when ruling upon a motion. *MGIC Indemnity Corp. v. Weisman*, 803 F2d. 500, 504 (9th Cir. 1986) – Court may take judicial notice of official records and reports without converting Rule 12(b)(6) motion into Rule 56 motion for summary judgment.

Under Federal Rules of Evidence 201, a federal court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice of such facts is mandatory when requested by a party who has supplied the information to the court. *Id.*, Rule 201(d). Facts that may be judicially noticed include a court's own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-120 (9th Cir. 1980).

The City respectfully request the Court take judicial notice of the following items:

**Exhibit B:** September 23, 2019 Public Records Act request from Caleb Mason (hereinafter "the PRA request") to the City of Pasadena, seeking records relating to Officer McFarland and Officer Lack.

**Exhibit C:** October 7, 2019 Public Records Act response from the City of Pasadena to Caleb Mason (hereinafter "the PRA response").

///
///
///
///
///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4825-4871-5775 v1 - 2 -

2:21-CV-04797-AB-AGR
REQUEST FOR JUDICIAL NOTICE ISO CITY'S MOTION TO DISMISS FAC

| | |
|---|---|
| **Exhibit D:** | Los Angeles District Attorney's Office "Protocol for District Attorney Officer-Involved Shooting Response Program For Officer/Deputy-Involved Shootings and In-Custody Deaths", which is located on the Los Angeles District Attorney's Office website at https://da.lacounty.gov/sites/default/files/policies/JSID%20DART%20Protocol%202014.pdf. |

Dated: October 18, 2021       BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster*
    Nathan A. Oyster
    Stephanie A. Quartararo

Attorneys for Defendants
ZACHARY MCFARLAND, STEPHANIE LACK, and CITY OF PASADENA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-4871-5775 v1          - 3 -          2:21-CV-04797-AB-AGR
REQUEST FOR JUDICIAL NOTICE ISO
CITY'S MOTION TO DISMISS FAC

# EXHIBIT B

**WERKSMAN JACKSON & QUINN LLP**

888 West Sixth Street, Fourth Floor
Los Angeles, California  90017
Telephone  (213) 688-0460
Facsimile  (213) 624-1942
www.WerksmanJackson.com

MARK J. WERKSMAN
ALAN J. JACKSON
KELLY C. QUINN *
JOSHUA E. RITTER
CALEB E. MASON **
ELIZABETH S. LITTLE
JACQUELINE M. SPARAGNA ***
MEHRUNISA RANJHA

* Certified Specialist – Appellate Law
The State Bar of California
Board of Legal Specialization

** Admitted in California and Illinois
*** Admitted in California and Washington D.C.

September 23, 2019

<u>*VIA U.S. MAIL*</u>

Pasadena Police Department
Attn: Records Administrator
207 North Garfield Avenue
Pasadena, CA 91101

    Re:  <u>Public Records Act Request Re. Officer Zachary McFarland, Badge No. 5595, and Officer S. Lack, Badge No. 5202</u>

To Whom It May Concern:

    Pursuant to the California Public Records Act, Government Code § 6250, *et seq.*, and Penal Code § 832.7, I request copies of the documents set forth below. These documents are, as of January 1, 2019, public records subject to production under the Public Records Act.

<b><u>Authority for Request</u></b>

Penal Code Section 832.7(b)(1) expressly mandates disclosure of certain materials as follows:

> **Notwithstanding subdivision (a), subdivision (f) of Section 6254 of the Government Code, or any other law**, the following peace officer or custodial officer personnel records and records maintained by any state or local agency shall not be confidential and **shall** be made available for public inspection pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code):
>
> (A) A record relating to the report, investigation, or findings of any of the following:
>
> (i) An incident involving the **discharge of a firearm** at a person by a peace officer or custodial officer.
>
> (ii) An incident in which the **use of force** by a peace officer or custodial officer against a person resulted in death, or in great bodily injury.
>
> (B) (i) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency that a peace officer or custodial officer engaged in **sexual assault** involving a member of the public.

(ii) As used in this subparagraph, "sexual assault" means the commission or attempted initiation of a sexual act with a member of the public by means of force, threat, coercion, extortion, offer of leniency or other official favor, or under the color of authority. For purposes of this definition, the propositioning for or commission of any sexual act while on duty is considered a sexual assault.

(iii) As used in this subparagraph, "member of the public" means any person not employed by the officer's employing agency and includes any participant in a cadet, explorer, or other youth program affiliated with the agency.

(C)  Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency of **dishonesty** by a peace officer or custodial officer directly relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any sustained finding of perjury, false statements, filing false reports, destruction, falsifying, or concealing of evidence.

(2) Records that **shall be released** pursuant to this subdivision include all investigative reports; photographic, audio, and video evidence; transcripts or recordings of interviews; autopsy reports; all materials compiled and presented for review to the district attorney or to any person or body charged with determining whether to file criminal charges against an officer in connection with an incident, or whether the officer's action was consistent with law and agency policy for purposes of discipline or administrative action, or what discipline to impose or corrective action to take; documents setting forth findings or recommended findings; and copies of disciplinary records relating to the incident, including any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the *Skelly* or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action.

The information set forth above is not exempt from disclosure and must be produced upon request.  I am informed and believe that the Sheriff's Department databases are readily searchable by officer identity, and thus that the information I have requested is readily obtainable.

### Scope of Request

Accordingly, I request all records relating to Officer Zachary McFarland, Badge No. 5595 ("Officer McFarland") and Officer S. Lack, Badge No. 5205 ("Officer Lack") of the Pasadena Police Department, within the following categories:

- All records relating to any incident involving the **discharge of a firearm** at a person by Officer McFarland Officer Lack;

- All records relating to any incident involving the **use of force** against a person by Officer McFarland or Officer Lack which resulted in great bodily injury or death;

- All records relating to any incident in which a sustained finding was made by any law enforcement agency or oversight agency that Officer McFarland or Officer Lack **engaged in sexual assault** involving a member of the public;

2

- All records relating to any incident in which a sustained finding was made by any law enforcement agency or oversight agency of **dishonesty** by a peace officer or custodial officer directly relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any sustained finding of perjury, false statements, filing false reports, destruction, falsifying, or concealing of evidence.

I request that you include in your production all records and document types specified by Section 832.7(b)(C)(2), including:

- investigative reports;
- photographic, audio, and video evidence;
- transcripts or recordings of interviews;
- autopsy reports;
- all materials compiled and presented for review to the district attorney or to any person or body charged with determining whether to file criminal charges against an officer in connection with an incident, or whether the officer's action was consistent with law and agency policy for purposes of discipline or administrative action, or what discipline to impose or corrective action to take;
- documents setting forth findings or recommended findings; and
- copies of disciplinary records relating to the incident, including any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the Skelly or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action.

## **Time for Production**

Government Code §§ 6253(c) and (d) require that the agency provide prompt notice of its determination:

> (c) Each agency, upon a request for a copy of records, **shall**, **within 10 days from receipt of the request**, determine whether the request, in whole or in part, seeks copies of disclosable public records in the possession of the agency and **shall promptly notify** the person making the request of the determination and the reasons therefor.
>
> In unusual circumstances, the time limit prescribed in this section may be extended by written notice by the head of the agency or his or her designee to the person making the request, setting forth the reasons for the extension and the date on which a determination is expected to be dispatched. **No notice shall specify a date that would result in an extension for more than 14 days.** When the agency dispatches the determination, and if the agency determines that the request seeks disclosable public records, the agency **shall state the estimated date and time when the records will be made available**.
>
> As used in this section, "unusual circumstances" means the following, but only to the extent reasonably necessary to the proper processing of the particular request:

3

(1) The need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request.

(2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records that are demanded in a single request.

(3) The need for consultation, which shall be conducted with all practicable speed, with another agency having substantial interest in the determination of the request or among two or more components of the agency having substantial subject matter interest therein.

(4) The need to compile data, to write programming language or a computer program, or to construct a computer report to extract data.

(d) **Nothing in this chapter shall be construed to permit an agency to delay or obstruct the inspection or copying of public records**. The notification of denial of any request for records required by Section 6255 shall set forth the names and titles or positions of each person responsible for the denial.

To the extent you intend to withhold any qualifying record, or portions thereof, please provide a signed notification citing the legal authorities on which you rely. To the extent you are able to redact portions, please produce the remainder of the record with the redacted portions and include a signed notification citing the legal authority allowing such redaction.

I am informed and believe I have provided sufficient identifying information to locate these records, which are subject to public disclosure by law. While I would prefer to avoid seeking court intervention to obtain these records, I am prepared to do so if necessary. Thank you for your time and attention to this matter, and please feel free to contact me with any questions.

Sincerely,

Caleb E. Mason

Werksman Jackson & Quinn LLP
cmason@werksmanjackson.com
213-688-0460

# PROOF OF SERVICE - 1013A(3), 2015.5 C.C.P.)

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, Suite 400, Los Angeles, California 90017.

On September 23, 2019, I served the foregoing document, described **Public Records Act Request Re. Officer Zachary McFarland, Badge No. 5595, and Officer S. Lack, Badge No. 5202** on all interested parties listed below by transmitting to all interested parties a true copy thereof as follows:

| | |
|---|---|
| **Pasadena Police Department**<br>**Attn: Records Administrator**<br>207 North Garfield Avenue<br>Pasadena, CA 91101<br>Telephone: (626) 744-4501<br>Facsimile: N/A<br>E-mail: N/A | |

☐ **BY FACSIMILE TRANSMISSION** from FAX number (213) 624-1942 to the fax number set forth above. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☒ **BY MAIL** by placing a true copy thereof enclosed in a sealed envelope addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE** by delivering a copy of the document(s) by hand to the addressee or I cause such envelope to be delivered by process server.

☐ **BY EXPRESS SERVICE** by depositing in a box or other facility regularly maintained by the express service carrier or delivering to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

☐ **BY ELECTRONIC TRANSMISSION** by transmitting a PDF version of the document(s) by electronic mail to the party(s) identified on the service list using the e-mail address(es) indicated.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on Sep.t 24, 2019 in Los Angeles, California

Michele Kirk

# EXHIBIT C



JOHN E. PEREZ
CHIEF OF POLICE

207 N. GARFIELD AVENUE
PASADENA, CA 91101
(626) 744-4501

October 7, 2019

Caleb E. Mason
Werksman Jackson & Quinn LLP
888 West Sixth Street, 4th Floor
Los Angeles, CA 90017

Mr. Mason:

We ae in receipt of your September 23, 2019 request for information on Officer Zachary McFarland and Officer Stephanie Lack.

Please be advised that the Pasadena Police Department has no records that are responsive to your request.

Sincerely,

JOHN E. PEREZ
Chief of Police

*Alicia Patterson* (signature)

ALICIA PATTERSON, Administrator
Strategic Services Division

JEP:AP:

*Excellence • Innovation • Integrity*

# EXHIBIT D

**Protocol for District Attorney Officer-Involved Shooting Response Program**

**For Officer/Deputy-Involved Shootings and In-Custody Deaths**

PREAMBLE

Law enforcement officers perform a vital and often dangerous job in our communities. Situations will occur where peace officers must use deadly force; we expect that such force will be used only when legally necessary and as prescribed by law. When officers or deputies use deadly force, the public has a right to expect that a thorough and neutral examination will be conducted of these incidents and that all parties shall be held legally accountable for their actions.

The Los Angeles County District Attorney's Office and participating local law enforcement agencies agree that district attorney personnel will immediately respond to the scene of officer-involved shootings and in-custody deaths. The policies and procedures to be followed as well as the focus of our response team are set out in this protocol.

SEPARATION OF CRIMINAL AND ADMINISTRATIVE INVESTIGATIONS

Law enforcement agencies may have the responsibility in an officer-involved shooting or in-custody death investigation to address several issues, such as: (1) whether any criminal law violations have occurred, (2) whether any participant has incurred or is at risk of incurring civil liability, (3) whether departmental policies have been followed, (4) whether appropriate law enforcement tactics were utilized under the circumstances.

It is the District Attorney's role to only investigate and determine whether any violation of criminal law may have occurred. However, the role of the law enforcement agency may also be to administratively investigate other issues as well, and they may sometimes choose to conduct an administrative review concurrently with the criminal investigation.

During the course of an administrative inquiry, law enforcement agencies are authorized by law to compel their officers to give statements regarding matters that are the subjects of administrative investigation. (Public Safety Officers Procedural Bill of Rights Act, Government Code sections 3300 et seq.) However, the law provides that such a compelled statement and any evidence derived therefrom may be inadmissible in a criminal prosecution. Therefore, it is very important from the outset of an investigation to clearly separate the administrative from the criminal investigation. District Attorney personnel should not be present during any compelled interview, nor should they receive any information concerning the content of a compelled statement, absent unusual circumstances.[1] Because evidence derived from a compelled statement may be inadmissible in a criminal proceeding, care should be given to keep separate criminal and administrative investigations.

---

[1] For further discussion on this subject, see section entitled "Interviews of Officers and Deputies."

© 2014 Los Angeles County District Attorney's Office

Deputy district attorneys and investigators from the Justice System Integrity Division of the Los Angeles County District Attorney's Office will respond to the incident site to work with law enforcement officers and, when appropriate, conduct their own independent investigation. The District Attorney's Office will work with the investigating agency to ensure that the inquiry is conducted in a fair and professional manner that will serve the interest of justice, the community, the involved officers, those persons injured, and the families of those affected. The primary objective of this program is to accurately, thoroughly, and objectively investigate all relevant evidence and to determine the potential criminal liability, or lack thereof, of any party.

## INCIDENTS TO BE INVESTIGATED

This protocol shall apply when either of the following incidents occur within Los Angeles County:

1) A peace officer, on or off duty, shoots and injures any person during the scope and course of employment.

2) An individual dies while in the custody or control of a law enforcement officer or agency and the law enforcement agency investigating the death or the police agency in whose custody the deceased was confined requests our presence and assistance. This protocol will only apply to in-custody deaths where the use of force by a peace officer may be a proximate cause of the death.

This protocol will apply to peace officers employed by an agency outside Los Angeles County, if the incident occurs within Los Angeles County. This protocol will not apply where officers or deputies from Los Angeles County are involved in incidents that occur outside the borders of Los Angeles County.

There may be occasions where one law enforcement agency, which is a member of the DART program, is conducting an investigation on behalf of another agency, which is not a member of the program. Upon request of the investigating agency and with the express consent of the non-member agency, the District Attorney will roll-out to the scene and later issue a closing report.

Upon the request of any law enforcement agency, the District Attorney's Office will review an officer-involved shooting investigation for criminal violations, even if that agency is not a signatory to the protocol.

## NOTIFICATION OF DISTRICT ATTORNEY COMMAND CENTER

For all incidents described in 1 and 2 above, it is the responsibility of the law enforcement agency investigating the incident to immediately notify the District Attorney Command Center.

© 2014 Los Angeles County District Attorney's Office

Notification should be made as soon as practicable. Each agency should notify the District Attorney Command Center immediately after notification is made to its own investigators.

If the Los Angeles County Sheriff's Department is conducting the investigation on behalf of another agency, which has agreed to participate in the District Attorney's Officer-Involved Shooting Response Program, both the Sheriff's Department and the participating agency shall notify the District Attorney Command Center regarding the incident.

The District Attorney Command Center should be given a brief summary of all the facts known at the time, including: location of the incident, command post location, suggested access routes, and any safety concerns. The notification should be made as soon as possible, preferably no later than 30 minutes after the incident. An early response to the scene of an investigation is critical so that district attorney personnel may gain first-hand knowledge of lighting conditions, witness demeanor, trajectories, vehicle and pedestrian traffic conditions, etc.

The District Attorney Command Center will notify the deputy district attorney and the district attorney investigator on-call who will respond to the scene.

## AT THE SCENE

The investigating law enforcement agency shall have primary responsibility to conduct a thorough, objective, and professional investigation of the incident. They shall be responsible for securing the location, collecting all physical evidence, photographing and/or diagramming the scene, and interviewing witnesses in cooperation with district attorney personnel.

The District Attorney's Office has the authority to conduct an independent investigation. The responsibilities of the on-scene district attorney personnel shall include the following:

1) Assist and advise the investigating officer on criminal law issues as they relate to the investigation.

2) Observe and participate fully with the investigative agency in the police investigation. District Attorney personnel should take notes of their observations and record interviews of witnesses.

3) Advise and assist investigative officers as to the collection of evidence and the interview of witnesses, when appropriate.

4) Conduct an independent investigation, at the District Attorney's discretion, separate from the law enforcement investigation when it is determined that the circumstances of the particular case make this appropriate. It is understood that

© 2014 Los Angeles County District Attorney's Office

>an independent investigation may include evidence collection and witness interviews.

District Attorney personnel will notify the officer maintaining the log listing personnel at the scene upon their arrival.  As soon as practical, the officer in charge of the investigation will provide district attorney personnel with an initial briefing of the incident.  The briefing will consist of all relevant information known at that time, including but not limited to:

>1) the names and present whereabouts of the officers involved in the incident;

>2) the names, addresses and present whereabouts of all civilian witnesses to the incident;

>3) the statements of the officers, if not compelled, pursuant to Government Code sections 3300 et al. (*Lybarger*);

>4) the physical evidence discovered;

>5) a summary of witness statements and the status of the investigation;

>6) a "walk through" at the scene, including witness descriptions of the events and the evidence recovered;

>7) the medical condition of injured parties.

The investigating officer will ensure that district attorney personnel have access to the scene of the investigation.  All physical evidence shall remain in the custody of the police agency conducting the investigation.

If district attorney personnel determine that additional district attorney personnel are needed to assist the investigation, additional district attorney investigators or deputy district attorneys can be called to the scene.

### INTERVIEWS OF CIVILIAN WITNESSES

District Attorney personnel, with the investigating agency, will make every attempt to locate, identify and interview all potential witnesses to an incident.  District Attorney personnel will be present and participate with the investigating agency in all interviews of civilian witnesses whenever practicable.  All witnesses shall be interviewed separately to maintain the integrity of their statements.  All interviews should be electronically recorded.

© 2014 Los Angeles County District Attorney's Office

## INTERVIEWS OF OFFICERS AND DEPUTIES

All officer or deputy witnesses to the events of the incident shall be separately interviewed. The interviews should take place as soon as is practical and should be recorded. During the pendency of the investigation and prior to the interview, all witnesses or potential witnesses should be kept apart to maintain the integrity of their individual statements. When appropriate the interviews may take place at the scene to aid the officer in recalling and explaining the exact locations of the parties and the events that took place.

District Attorney personnel will be available to participate in interviews of law enforcement personnel at the request of the investigating agency. However, if the officer chooses to make a non-compelled statement outside the presence of district attorney personnel, investigators will inform district attorney personnel of the substance of the statement and provide access to any recording of the statement.

If the officer chooses not to make a voluntary statement and the police agency elects to compel a statement pursuant to the Public Safety Officers Procedural Bill of Rights Act (Government Code sections 3300 et seq.), district attorney personnel will be available to participate in the compelled interview at the request of the investigating agency, if the deputy district attorney assigned to the investigation determines, in his or her judgment, that our presence will not compromise any criminal investigation.

## MEDICAL EVIDENCE

When circumstances permit, district attorney personnel should remain at the scene of a fatal shooting or in-custody death until the coroner's investigator arrives and completes his investigation at the scene. When an individual has been wounded by the police, district attorney and law enforcement personnel shall attempt to question the medical doctor who has treated the wounded individual and make efforts to preserve evidence that could be obtained from the doctor, such as the angle of bullet entry, lacerations, contusions, or the presence and effect of any drugs or alcohol.

## INVESTIGATIVE REPORTS

It is the intent of the District Attorney's Office and participating law enforcement agencies to complete their review of these matters as quickly as possible, consistent with the primary goal of conducting a thorough and objective review of the facts.

The investigating agency will submit all relevant reports regarding the incident to the District Attorney's Justice System Integrity Division as soon as possible and absent unusual circumstances within 60 to 90 days, depending on the policy of the investigating agency. As the investigation proceeds, reports should be forwarded to the Justice System Integrity Division as they are completed regardless of whether all reports are completed. This procedure will permit the review process to proceed simultaneously with the

© 2014 Los Angeles County District Attorney's Office

investigation. It will also permit timely requests and implementation of any additional investigation and clarification of completed reports if required.

## FINAL ACTION

At the conclusion of the investigation, the District Attorney's Justice System Integrity Division will review and analyze all the evidence to determine whether the officer acted lawfully.

The crime charging standards are the same for civilians and peace officers. The District Attorney's policies regarding crime charging are set forth in the District Attorney's Legal Policies Manual and state in part:

> "The prosecutor should charge only if the following four basic requirements are satisfied:
>
> 1. The prosecutor, based on a complete investigation and a thorough consideration of all pertinent facts readily available, is satisfied that the evidence proves that the accused is guilty of the crime to be charged:
>
> 2. There is legally sufficient, admissible evidence of a corpus delicti:
>
> 3. There is legally sufficient, admissible evidence of the accused's identity as the perpetrator of the crime charged; and
>
> 4. The prosecutor has considered the probability of conviction by an objective fact finder and has determined that the admissible evidence is of such convincing force that it would warrant conviction of the crime charged by a reasonable and objective fact finder after hearing all the evidence available to the prosecutor at the time of charging and after considering the most plausible, reasonably foreseeable defense inherent in the prosecution evidence."

If no charges are filed, the District Attorney's Office will issue a closing report summarizing the results of the investigation and analyzing the evidence. This report will address the question of whether or not there is proof beyond a reasonable doubt that an officer, deputy, or any other person committed a crime. It is not the purpose of the District Attorney's investigation or report to determine if any officer or deputy violated police policy or procedure, or committed any act which would be subject to civil sanctions. The Justice System Integrity Division will review all matters in a timely manner and, except in unusual circumstances or where additional investigation is required, issue a closing report containing its findings and conclusions within 60 days of the receipt of the completed investigative package. This report shall be sent to the involved police agencies.

© 2014 Los Angeles County District Attorney's Office

The District Attorney's Office will notify the appropriate Chief of Police or Sheriff's representative prior to releasing to a third party any document related to an officer-involved shooting or in-custody death, and prior to conducting a news conference or issuing a press release concerning an officer-involved shooting or in-custody death.

Updated January 2014

© 2014 Los Angeles County District Attorney's Office